```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    DAVID KETTEL
 4  Assistant United States Attorney
    California Bar No. 125745
 5  OCDETF Section
         1400 United States Courthouse
 6       312 North Spring Street
         Los Angeles, California 90012
 7       Telephone:  (213) 894-3756
         Facsimile:  (213) 894-0142
 8       E-mail: david.kettel@usdoj.gov

 9  Attorneys for Plaintiff
    United States of America
10
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) NO. CV 05-8557-SVW(SSx) |
|---|---|
| Plaintiff, | ) **CONSENT JUDGMENT** |
| v. | ) |
| REAL PROPERTY IN DOWNEY, CALIFORNIA, | ) |
| Defendant. | ) |

On December 7, 2005, plaintiff United States of America ("plaintiff" or the "government") filed a Complaint for Forfeiture alleging that the defendant real property located in Downey, California (the "defendant real property") was subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it represents real property that was involved in transactions or

attempted transactions designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of violations of 18 U.S.C., Sections 1341 (mail fraud) and 1014 (loan fraud), specific unlawful activities as defined by title 18 U.S.C. Section 1956(c)(7)(D), in violation of 18 U.S.C. Section 1956(a)(1)(B)(I). Plaintiff further alleged that the defendant property was subject to forfeiture to the United States pursuant to 18 U.S.C. Section 981(a)(1)(C) because it is property which constitutes or is derived from proceeds traceable to one or more violations of 18 U.S.C. Section 1014 (loan fraud), in addition to offenses constituting specific unlawful activities as defined by 18 U.S.C. Section 1956(c)(7)(mail fraud and loan fraud).

Claimants Martha Rodriguez and Maria T. Rodriguez ("claimants") claim that, other than HSBC Bank USA, National Association, as trustee for Home Equity Loan Trust Series Ace 2005 - by its Servicing Agent Wells Fargo Bank, NA d/b/a America Servicing Company (hereinafter referred to as "Wells Fargo"), they are unaware of any other persons or entities with a valid interest in the defendant real property. No other claims, statements of interest, or answers have been filed with respect to the defendant real property, and the time for filing claims, statements, and answers has expired.

On February 23, 2007, Martha Rodriguez entered a guilty plea in the related criminal action entitled U.S. v. Martha Rodriguez Amaya, CR No. 1157-GHK. As part of her guilty plea, Martha

Rodriguez agreed to forfeit and transfer to the United States all right, title and interest in the defendant real property.

The government, claimants and Wells Fargo have agreed to settle this forfeiture action and to avoid further litigation.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of plaintiff, claimants, and Wells Fargo,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2.  The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

3.  Notice of this action has been given as required by law. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4.  All of claimants' rights, title, and interests in the defendant real property are hereby condemned and forfeited to the United States of America and shall be disposed of in accordance with law.

5.  Following entry of judgment, the government will seek to sell the defendant real property. Upon entry of a Judgment in favor of plaintiff, and upon the sale of the defendant property, plaintiff will make payment to the Los Angeles County Assessor and Tax Collector (for real property taxes) of all unpaid real property taxes assessed against the defendant property from December 7, 2005 to the date of entry of the Judgment of Forfeiture.

6. Upon entry of a Judgment in favor of plaintiff, and upon the sale of the defendant property the funds generated by the sale will be distributed in the following priority:

    (a) First, to the United States Marshals Service for its costs and expenses of sale;

    (b) Second, to payment of taxes as described in paragraph 5 above;

    (c) Third, an amount equal to all sums currently owed to Wells Fargo pursuant to the terms and conditions of the Note and Deed of Trust executed by Martha T. Rodriguez, and subject to the attorney's fees and cost limitation set forth in paragraph 6(d) below;

    (d) Fourth, up to $7,500.00 in attorneys fees and costs incurred by Wells Fargo relating to this forfeiture action (as of March 20, 2007, attorneys fees and costs were estimated to be approximately $4,100);

    (e) The remainder of the sales proceeds shall be disposed of in accordance with law.

7. The parties will execute further documents, to the extent necessary, to convey clear title of the defendant real property to the United States and to further implement the terms of this Consent Judgment.

8. Claimants and Wells Fargo hereby release the United States of America, its agencies, officers, and employees, including employees of the Federal Bureau of Investigation, and local law enforcement agencies, their agents, officers, and employees, from

1 any and all claims, actions, or liabilities arising out of or
2 related to this action, including, without limitation, any claim
3 for attorneys' fees, costs, or interest on behalf of claimants and
4 Wells Fargo, whether pursuant to 28 U.S.C. § 2465 or otherwise.
5     9.  Based upon plaintiff's agreement (in paragraph 6(d)
6 above) to pay Wells Fargo up to $7,500.00 in attorneys fees and
7 costs, Wells Fargo hereby releases the United States of America,
8 its agencies, officers, and employees, including employees of the
9 Federal Bureau of Investigation, and local law enforcement
10 agencies, their agents, officers, and employees, from any and all
11 claims, actions, or liabilities arising out of or related to this
12 action, including, without limitation, any claim for additional
13 attorneys' fees and costs, or interest on behalf of Wells Fargo,
14 whether pursuant to 28 U.S.C. § 2465 or otherwise.
15     10.  The Court finds that there was reasonable cause for the
16 institution of these proceedings.  This judgment shall be construed
17 as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.
18     11.  The Court further finds that claimants and Wells Fargo
19 did not substantially prevail in this action, and that claimants
20 and the government shall bear their own attorneys' fees and other
21 costs of litigation.
22 DATED: March 7, 2008
23 _____
24 THE HONORABLE STEPHEN V. WILSON
   UNITED STATES DISTRICT JUDGE
25 ///

5

## CONSENT

The government, claimants and Wells Fargo consent to judgment and waive any right of appeal.

DATED: _____

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

_____
DAVID A. KETTEL
Assistant United States Attorney
Organized Crime Drug
Enforcement Task Force

Attorneys for Plaintiff
United States of America

DATED: _____
_____
MARIA T. RODRIGUEZ

DATED: _____
_____
MARTHA RODRIGUEZ

DATED: _____
_____
DONALD MARKS

Attorney for Claimants
MARTHA RODRIGUEZ and
MARIA T. RODRIGUEZ

DATED: _____
_____
GLENN H. WECHSLER

Attorney for
HSBC BANK USA, National Association, as trustee for Home Equity Loan Trust Series Ace 2005 - by its Servicing Agent Wells Fargo Bank, NA d/b/a America Servicing Company